**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **DESIREE KNIGHT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:25-CV-390 (MTT)** |
| | ) | |
| **BIBB COUNTY SCHOOL DISTRICT,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

On September 12, 2025, plaintiff Desiree Knight, proceeding pro se, filed her complaint against the Bibb County School District. ECF 1. That same day, she filed a motion to proceed *in forma pauperis* ("IFP"). ECF 2. For the reasons stated, Knight's motion to proceed IFP (ECF 2) is **GRANTED**. However, Knight's complaint lacks important factual allegations that she may have omitted because of her pro se status. Thus, the Court **ORDERS** Knight to amend her complaint by **October 14, 2025.**

### I. DISCUSSION

**A. Motion to Proceed IFP**

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

When considering a motion to proceed IFP filed under § 1915(a), "the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (cleaned up). A plaintiff is not required to show she is "absolutely destitute." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Rather, "an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307-08).

However, § 1915(a) "should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Section 1915(a) "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014) (citations omitted). District courts have "wide discretion" in deciding whether a plaintiff can proceed IFP, and "should grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306 (citation omitted).

Knight's financial affidavit states she is unemployed and receives income through child support, disability, and public assistance totaling $2,671 per month to support her and her three children. ECF 2 at 1-2. Knight's annual income is below the federal poverty guideline for a four-person household, which is $32,150.[2] Accordingly, having

---

[2] The federal poverty guidelines can be found at https://aspe.hhs.gov/poverty-guidelines.

considered Knight's financial affidavit, the Court finds that Knight is unable to pay the costs and fees associated with this lawsuit, and her motion to proceed IFP (ECF 2) is **GRANTED**.

## B. Frivolity Review

Because Knight is pro se and proceeding IFP, the Court must review and dismiss the case if the Court determines that the complaint (1) "is frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[3] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Knight is proceeding pro se, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotation marks and citation omitted). But "[d]espite the leniency afforded pro se plaintiffs, the district court does not have license to rewrite a

---

[3] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citation omitted).

Knight filed this action against the Bibb County School District, asserting three claims: (1) retaliation under the ADA; (2) retaliation under the Rehabilitation Act; and (3) breach of settlement agreement. ECF 1 at 2-3. Knight alleges that she "entered into a Mediation Agreement resolving certain disputes" with the defendant. *Id.* at 2. Following the agreement, Knight alleges that Bibb County School District personnel failed to provide records she requested, pressured her to withdraw her pending complaint, and held a "sham" Individualized Education Plan ("IEP") meeting. *Id*. However, Knight's complaint is missing key factual information.

Regarding her claims under the ADA and the Rehabilitation Act, Knight's complaint fails to explain how she is connected to the Bibb County School District and, thus, how she suffered an adverse action. *See Higdon v. Jackson*, 393 F.3d 1211, 1219 ("To establish a prima facie case of retaliation under the ADA, 'a plaintiff must show that (1) she engaged in statutorily protected expression; (2) she suffered an adverse…action; and (3) the adverse action was causally related to the protected expression." (quoting *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002))); *Morales v. Georgia Dept. of Human Resources*, 446 F. App'x 179 (11th Cir. 2011) ("The Rehabilitation Act incorporates the anti-retaliation provision from § 12203(a) of the ADA"). While Knight claims that she was denied access to requested records and provided a "sham" IEP meeting, she fails to allege why she was entitled to those records or to an IEP meeting in the first place. ECF 1 at 2. Further, Knight has provided

little detail regarding the terms of the mediation agreement that forms the basis of her state law claim and, thus, fails to explain how the defendants violated the agreement.

Because Knight's complaint lacks key factual details, the Court is unable to conduct a thorough frivolity review. *See* 28 U.S.C. § 1915(e)(2)(b) (stating that a court is required to dismiss a case brought by a pro se plaintiff if it (1) is frivolous, or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief). It is not clear whether the deficiency in Knight's amended complaint is because of the manner in which the allegations have been pled or whether they simply lack substance. However, given Knight's pro se status, the Court will allow her to amend her complaint to state viable claims. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.").

For these reasons, Knight is **ORDERED** to amend her complaint to include all facts that she wishes to make a part of these proceedings and cite the appropriate statutory or constitutional authority for bringing her claims. Knight shall have until **October 14, 2025,** to file her amended complaint.

In the "statement of claims" section of her amended complaint, Knight must link any claims she makes to a named defendant. If Knight fails to link a named defendant to a claim, the claim will be dismissed; if Knight makes no allegations in the body of her complaint against a named defendant, that defendant will be removed from the action.

Knight must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of her rights under a specific law. It is also recommended that, when drafting her "statement of claims," Knight list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) What did each defendant do (or not do) to violate her rights?

(2) When did each action occur?

(3) How was Knight injured as a result of each defendant's actions?

The amended complaint will take the place of and supersede Knight's complaint. *Schreane v. Middlebrooks*, 522 F. App'x 845, 847-48 (11th Cir. 2013). Knight may not refer to, or incorporate by reference, her prior complaints. The Court will not look back to the facts alleged in Knight's complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B). *Hoefling*, 811 F.3d at 1277.

## II. CONCLUSION

Pursuant to 28 U.S.C. § 1915 and for the reasons set forth above, Knight's motion to proceed IFP (ECF 2) is **GRANTED**, and Knight is **ORDERED** to amend her complaint no later than **October 14, 2025**.

**SO ORDERED**, this 24th day of September, 2025.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT